UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Constitution Pipeline Co., LLC,**

                **Plaintiff,**

          **-v-**                                    3:14-CV-2108 (NAM/RFT)

**A Permanent Easement for 0.37 Acres and Temporary Easements for 0.55 Acres, in Davenport, Delaware County, New York, Tax Parcel Number 32.-1-34.2; George M. Sydlar; Denise M. Sydlar;**

                **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Saul Ewing LLP
Elizabeth U. Witmer, Esq., of counsel
1200 Liberty Ridge Drive, Suite 200
Wayne, Pennsylvania 19087-5569
and
Stockli, Slevin and Peters, LLP
John P. Stockli , Jr., Esq., of counsel
1826 Western Avenue
Albany, New York 12203
and
Saul Ewing LLP
Sean T. O'Neill, Esq., of counsel
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
and
Hiscock & Barclay LLP
Yvonne E. Hennessey, Esq., of counsel
80 State Street
Albany, New York 12207
Attorneys for Plaintiff

George M. Sydlar
Oneonta, New York 13820
Defendant *pro se*

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff brought this condemnation action pursuant to Rule 71.1 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), relying on a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission under the Natural Gas Act, 15 U.S.C. § 717f(h). Presently before the Court is a letter motion (Dkt. No. 26) by defendant George M. Sydlar ("Sydlar"). The Court construes Sydlar's motion as seeking reconsideration of the Court's Order (Dkt. No. 23) denying his motion (Dkt. No. 15) to dismiss the complaint for lack of personal jurisdiction. The Court grants reconsideration and, upon reconsideration, vacates the Order (Dkt. No. 23) denying dismissal, grants the motion for dismissal (Dkt. No. 15), and dismisses the complaint without prejudice for lack of personal jurisdiction.

It is within the plenary power of the Court to review its interlocutory orders to afford such relief from them as justice requires. *See Wanamaker v. Columbian Rope Co.,* 907 F. Supp. 522, 526-527 (N.D.N.Y. 1995), *aff'd* 108 F.3d 462 (2d Cir. 1997). Local Rule 7.1 (g) implements this power. The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See U.S. v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000). Ordinarily, a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided. *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995).

Sydlar contends that "nail and mail" service of process under section 308(4) of New York Civil Practice Law and Rules ("C.P.L.R.") at his residence at 2031 White Hill Road, Oneonta, New York, did not constitute proper service. Fed. R. Civ. P. 71.1(d)(3)(A) requires "personal service" of the notice of condemnation "in accordance with" Fed. R. Civ. P. 4. Fed. R. Civ. P.

-2-

4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Plaintiff claims that it has accomplished service under New York law, specifically C.P.L.R. 308(4), which provides that where service by personal delivery under C.P.L.R. 308(1) or delivery to a suitable-age person and mailing under C.P.L.R. 308(2) "cannot be made with due diligence," service may be made

> by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business[.]

In its April 14, 2015 Memorandum-Decision and Order (Dkt. No. 23), the Court construed Sydlar's motion (Dkt. No. 15) challenging C.P.L.R. 308(4) service as based on two arguments: first, that affixing and mailing process to the 2031 White Hill Road residence was improper because he received mail at a post office box, not at the residence; and second, that Fed. R. Civ. P. 71.1(d)(3)(A)'s requirement of "personal service" meant "personal delivery." The Court rejected both arguments. Thereafter, by Text Order (Dkt. No. 25), the Court denied Sydlar's letter motion (Dkt. No. 24) for reconsideration.

The Court interprets Sydlar's present motion (Dkt. No. 26) as including a different argument, that is, that the process server's affidavit stating that he attempted service at the 2031 White Hill Road residence on four occasions is false. At the Court's direction, plaintiff responded to the motion (Dkt. No. 28). Plaintiff's response includes an affidavit from James Wheeler ("Wheeler"), the process server, stating as follows:

> 4. I am a process server and was engaged by Alexander Poole & Co., Inc. to

-3-

complete service on Mr. Sydlar.

5. I made four separate attempts to personally serve Mr. Sydlar at his residence at 2031 White Hill Road, Oneonta, NY 13820 on the following dates and times:
- January 7, 2015 [Wednesday] at 1:29 p.m.;
- January 9, 2015 [Friday] at 7:36 a.m.;
- January 12, 2015 [Monday] at 10:47 a.m.; and
- January 22, 2015 [Thursday] at 8:01 p.m.

6. On each attempt, there was not a vehicle at the residence that was visible from the road and the snow in the driveway was undisturbed.

7. I also observed "no trespassing" and "keep out" signs at the entrance of the driveway on each attempt.

8. Because there were "no trespassing" signs, I did not enter upon the property on the first three attempts; instead, I honked my car horn from the street to see if anybody would respond.

9. Based on the lack of response to the car horn, the absence of any vehicles at the residence and the absence of any tire tracks in the snow in the driveway, I determined that no one was present at the residence on each of my first three attempts at service.

10. After three unsuccessful attempts to personally serve Mr. Sydlar, I asked Alexander Poole & Co., Inc. to obtain postal confirmation of Mr. Sydlar's address.

11. On January 22, 2015, Alexander Poole & Co., Inc. informed me that it had received postal confirmation from the Oneonta Postmaster of Mr. Sydlar's address at 2031 White Hill Road, Oneonta, NY 13820.

12. Having received postal confirmation of the address, I made a fourth attempt to personally serve Mr. Sydlar on January 22, 2015. I again honked my car horn from the street, but did not receive a response.

l3. After there was no response to my car horn from the street, I walked up to the door on the back side of the residence. No one answered the door and the house appeared to be mostly dark. I was confident that no one was at the residence.

14. Having made three prior attempts to personally serve Mr. Sydlar and having confirmed his address, on the fourth attempt I affixed the following documents to the door: Civil Cover Sheet; Notice of Related Cases; Disclosure Statement; Notice of Condemnation; Verified Complaint; Notice of Motion for Partial Summary Judgment; Motion for Partial Summary Judgment; Statement of Material Facts; Affidavit of Matthew Swift; Affidavit of Patrick McClusky; Memorandum of Law in Support of Motion for Partial Summary Judgment; Proposed Order; and General Order 25 Filing Order.

15. On January 23, 2015, I completed service by directing Alexander Poole & Co., Inc. to deposit copies of the foregoing documents in a First Class

> postpaid properly addressed envelope - addressed to 2031 White Hill Road, Oneonta, NY 13820 - marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York. Alexander Poole & Co., Inc. provided me with confirmation that the documents had been mailed per my instructions.

The due diligence requirement of C.P.L.R. 308(4) "should be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received." *Sartor v. Toussaint*, 70 Fed.Appx. 11, 13 (2d Cir. 2002); *accord County of Nassau v. Letosky*, 824 N.Y.S.2d 153, 154 (2d Dep't 2006). Due diligence "refers to the quality of the efforts made to effect personal service, ... not to their quantity or frequency." *Maines Paper & Food Servs., Inc. v. Boulevard Burgers Corp.*, 861 N.Y.S.2d 808, 809 (3d Dep't 2008) (quoting *Estate of Waterman v. Jones*, 843 N.Y.S.2d 462, 464 (2d Dep't 2007)). "New York courts have not adopted a per se rule as to what constitutes 'due diligence' under Section 308." *Allstate Ins. Co. v. Rozenberg*, 771 F.Supp.2d 254, 261 (E.D.N.Y. 2011); *accord Barnes v. City of New York*, 55 N.Y.2d 906, 907 (1980). "Rather, whether attempts to effectuate service constitute due diligence is determined on a case-by-case basis." *Allstate*, 771 F.Supp.2d at 261; *accord McSorley v. Spear*, 854 N.Y.S.2d 759, 760 (2d Dep't 2008). Courts have frequently found the requirement satisfied by three attempts at service on different days of the week and at different times when the defendant could reasonably be expected to be there. *See Weifang Xinli Plastic Prods. v. JBM Trading Inc.*, 2014 WL 4244258, *3 (E.D.N.Y. Aug. 26, 2014) (citing cases), *aff'd* 583 Fed.Appx. 24 (2d Cir. 2014); *Gross Found., Inc. v. Goldner*, 2012 WL 6021441, *4 (E.D.N.Y. Dec. 4, 2012) (citing cases). In various circumstances, however, New York courts have found that due diligence requires inquiries about the defendant's whereabouts or place of employment in addition to attempts to serve at his or her dwelling place or usual place of abode. *See, e.g.,*

-5-

*Letosky*, 824 N.Y.S.2d at 154 (finding no due diligence where two of three attempts at service were on weekdays when it reasonably could be expected that defendant was either working or in transit, and process server did not attempt to locate defendant's business address in order to serve her there); *O'Connell v. Post*, 811 N.Y.S.2d 441, 442 (2d Dep't 2006) ("Even assuming that the East Hampton [weekend] residence qualified as the defendant's 'usual place of abode' for purposes of CPLR 308(4) service, the process server made no effort to determine the defendant's business address in order to attempt personal service thereat pursuant to CPLR 308(2) before resorting to 'nail and mail' service."); *PacAmOr Bearings, Inc. v. Foley*, 460 N.Y.S.2d 662, 664 (3d Dep't 1983) ("[The process server's] endeavor to make personal service was woefully perfunctory; he did not knock at the house's rear entrance, nor try to telephone defendant or make inquiries of the neighbors regarding defendant's whereabouts or place of employment."); *but see County of Nassau v. Gallagher*, 841 N.Y.S.2d 696, 697 (2d Dep't 2007) ("Where four attempts to serve the defendant at his residence included an attempt on a late weekday evening and an attempt on an early Saturday morning, it was not necessary that the plaintiff ... attempt to serve the defendant at his workplace.").

Here, Wheeler's detailed affidavit, placed before the Court for the first time in response to the instant motion, constitutes new evidence warranting reconsideration. In view of Sydlar's *pro se* status and the fact that the evidence was wholly in plaintiff's control, the Court does not fault Sydlar for not presenting this evidence in support of his dismissal motion (Dkt. No. 15) or his first motion for reconsideration (Dkt. No. 24). Under the circumstances, justice requires that the Court reconsider whether Sydlar was properly served with process. Accordingly, upon Sydlar's second motion to reconsider (Dkt. No. 26), the Court grants reconsideration of its Order (Dkt. No. 23)

-6-

denying Sydlar's motion (Dkt. No. 15) to dismiss.

Upon reconsideration, the Court grants Sydlar's motion (Dkt. No. 15) to dismiss the complaint. Wheeler's affidavit demonstrates lack of due diligence as a matter of law. With respect to the first three attempts, Wheeler states: "Based on the lack of response to the car horn, the absence of any vehicles [visible from the road] ... and the absence of any tire tracks in the snow in the driveway, I determined that no one was present at the residence[.]" These observations do not necessarily support Wheeler's conclusion that no one was home. Nor does honking the car horn at the foot of the driveway amount to a genuine attempt to effect service under C.P.L.R. 308(1) or (2). In addition, all three attempts occurred on weekdays at times when an employed person could reasonably be expected to be at work or in transit. On the fourth attempt, made on a Thursday at 8:01 p.m., after honking his car horn from the foot of the driveway and observing no vehicles or tire tracks, Wheeler walked up to the door on the back side of the house. He states: "No one answered the door and the house appeared to be mostly dark." Based on this, he concluded that no one was at the residence. Wheeler does not explain whether there was a front door or, if so, why he went only to the back door. The fact that the house was "mostly dark" does not necessarily support the conclusion that no one was home. Even accepting that this fourth effort was an adequate attempt to serve under C.P.L.R. 308(1) or (2), the other three were not.

Under all of the circumstances presented here, more was required to show due diligence. It is true that Wheeler obtained post office confirmation of Sydlar's address; however, he made no effort to serve on a weekend, to telephone Sydlar, to make inquiries of neighbors, to determine whether and where Sydlar was employed, or otherwise to ascertain Sydlar's whereabouts to

-7-

facilitate service under C.P.L.R. 308(1) or (2). The Court appreciates the difficulty posed by the "no trespassing" signs, and if the process server had made inquiries and/or additional reasonable attempts to serve Sydlar, he may have been able to establish due diligence under C.P.L.R. 308(4). In the alternative, such efforts could have formed the basis for a motion for court-ordered service under C.P.L.R. 308(5) on the ground that service was "impracticable" under C.P.L.R. 308(1), (2), and (4). *See, e.g., Metromedia Co. v. Cowan*, 2013 WL 4780039, *1 (S.D.N.Y. Jun. 24, 2013); *Fortunato v. Chase Bank USA, N.A.*, 2012 WL 2086950, *1-*2 (S.D.N.Y. June 7, 2012).

The Court observes that actual notice to a defendant is insufficient to subject him to personal jurisdiction when the statutory requirements for service of process have not been met. *See David v. Total Identity Corp.*, 857 N.Y.S.2d 380, 382 (4th Dep't 2008); *Letosky*, 824 N.Y.S.2d at 154. Therefore, the affidavit of James Hayes does not aid plaintiff on this motion.

It is therefore

ORDERED that Sydlar's motion (Dkt. No. 26) for reconsideration of the Court's Order (Dkt. No. 23) denying Sydlar's dismissal motion (Dkt. No. 15) is granted; and it is further

ORDERED that upon reconsideration, the Court vacates the Order (Dkt. No. 23), grants Sydlar's dismissal motion (Dkt. No. 15), and dismisses the complaint without prejudice on the ground of lack of personal jurisdiction; and it is further

ORDERED that the Clerk of the Court is directed to serve this Order on Sydlar by certified mail, return receipt requested, to both P.O. Box 1312, Oneonta N.Y. 13820, and 2031 White Hill Road, Oneonta, N.Y. 13820.

IT IS SO ORDERED.

Date: July 14, 2015
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge